UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

DANTE PETTEWAY,

                    Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 06/24/2024

24 Cr. 80 (AT)

**ORDER**

ANALISA TORRES, District Judge:

On February 14, 2024, a Manhattan grand jury returned an indictment (the "Indictment") charging Defendant, Dante Petteway, with possession of ammunition after a felony conviction in violation of 18 U.S.C. § 922(g)(1). Indictment, ECF No. 16. Petteway moves to dismiss the Indictment as violating the Second Amendment of the Constitution. Def. Mem., ECF No. 22. For the reasons stated below, the motion is DENIED.

## BACKGROUND

The Government alleges that on or about June 21, 2023, Petteway was walking on East 167th Street in the Bronx, drew a firearm, and shot multiple rounds into the street. Compl. ¶ 3(b), ECF No. 1. The shooting was recorded on surveillance video. *Id.* Surveillance footage also captured Petteway running back into an apartment building holding a firearm in his right hand. *Id.* ¶ 3(c). Shortly thereafter, officers from the New York City Police Department retrieved five bullet casings from approximately the same location where the shooting took place. *Id.* ¶ 3(d). A warrant for Petteway's arrest was issued on October 26, 2023, and he was arrested on November 14, 2023. ECF No. 2. Having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, Petteway is charged with knowingly possessing ammunition following a felony conviction. *See* Indictment.

## DISCUSSION

Petteway argues that the Indictment—charging an ammunition-related crime under 18 U.S.C. § 922(g)(1)—must be dismissed as violating the Second Amendment of the Constitution under the Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022).  In *Bruen*, the Supreme Court held that "when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct." *Id.* at 17. The *Bruen* Court, therefore, imposed an affirmative obligation on the Government to "demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation" by identifying a "distinctly similar historical regulation" or "representative historical analogue." *Id.* at 17, 26, 30; *see also United States v. Rahimi*, No. 22–915, 602 U.S. __ (U.S. June 21, 2024), slip. op. at 7–8 ("The law must comport with the principles underlying the Second Amendment, but it need not be a 'dead ringer' or a 'historical twin.'"). Petteway contends that the Government's "categorical ban on possessing a firearm [and ammunition] following any felony conviction" infringes on his Second Amendment rights and is antithetical to "this Nation's historical tradition of firearms regulation." Def. Mem. at 2.  Binding Circuit precedent forecloses this conclusion.

Section 922(g)(1) makes it unlawful for any person convicted of a felony to possess a firearm or ammunition.  Nine years before *Bruen*, the Second Circuit "affirm[ed] that § 922(g)(1) is a constitutional restriction on the Second Amendment rights of convicted felons." *United States v. Bogle*, 717 F.3d 281, 281–82 (2d Cir. 2013) (per curiam).  The Circuit's holding in *Bogle* remains good law in the wake of *Bruen*.[1]

---

[1] Petteway is not the first criminal defendant to challenge this statute following *Bruen*.  The Court has thrice rejected similar arguments. *See United States v. Selby*, No. 23 Cr. 515, 2024 WL 967082, at *1 (S.D.N.Y. Mar. 5, 2024); *United States v. Golston*, No. 23 Cr. 362, 2024 WL 149603 (S.D.N.Y. Jan. 12, 2024); ECF No. 30, *United States v. Johnson*, No. 23 Cr. 365 (S.D.N.Y. Dec. 5, 2023).  And, other courts in this District have uniformly rejected these challenges. *See, e.g.*, *United States v. Then*, No. 24 Cr. 73, 2024 WL 1809254, at *1 (S.D.N.Y. Apr. 25, 2024); *United States v. Gomez*, No. 23 Cr. 311, 2024 WL 1704970, at *3 (S.D.N.Y. Apr. 18, 2024); *United States v. Crawford*, No. 23 Cr. 566, 2024 WL 1657879, at *1–2 (S.D.N.Y. Apr. 17, 2024).  Indeed, Petteway makes no attempt to distinguish the prior cases and makes the motion purely "for preservation purposes." Def. Mem. at 1.

In *Bogle*, the Circuit analyzed language from *District of Columbia v. Heller*, 554 U.S. 570 (2008), and *McDonald v. City of Chicago*, 561 U.S. 742 (2010), in which the Supreme Court stated that *Heller* did not "cast doubt on longstanding prohibitions on the possession of firearms by felons." 717 F.3d at 281. *Bruen* reaffirmed *Heller* and *McDonald*, and a concurring opinion from two of the six justices in the majority reiterated that restricting the possession of firearms by persons convicted of felonies remains constitutional. *See Bruen*, 597 U.S. at 81 (Kavanaugh, J., concurring). In addition, *Bogle* did not employ the "means-end" test for scrutinizing gun regulations that *Bruen* specifically overturned. *See id.* at 19–24. Therefore, *Bogle* remains binding precedent, and Section 922(g)(1) remains constitutional.[2]

Accordingly, Petteway's motion to dismiss the Indictment is DENIED.

## CONCLUSION

For the foregoing reasons, Petteway's motion to dismiss the Indictment is DENIED. The Clerk of Court is directed to terminate the motion at ECF No. 22.

SO ORDERED.

Dated: June 24, 2024
New York, New York

_____
ANALISA TORRES
United States District Judge

---

[2] Even if the Court were to separately apply the *Bruen* analysis, it would conclude that the regulation is constitutional. Section 922(g)(1) is supported by a "representative historical analogue," specifically, restrictions on firearm possession based on "a group's perceived dangerousness." *United States v. Ford*, No. 23 Cr. 107, 2023 WL 7131742, at *3 (S.D.N.Y. Oct. 30, 2023).